IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES DAVIS, JR.,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-08-02235** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **CAMBELL,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

Plaintiff Charles Davis, Jr. ("Davis"), an inmate currently confined at the Warren State Hospital in North Warren, Pennsylvania, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on December 15, 2008. (Doc. 1.) Named as defendants are a number of state and local officials from Snyder and Northumberland Counties, Pennsylvania. Along with his complaint, Davis has also submitted an application seeking leave to proceed *in forma pauperis* and an authorization form. (Docs. 2 & 3.) The case is presently before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, certain claims in the instant complaint will be dismissed as frivolous. The remaining claims in the complaint will be dismissed for failure to comply with the Federal Rules of Civil Procedure. However, Davis will be afforded the opportunity to submit an amended complaint pursuant to the Federal Rules. Failure to do so will result in closure of this case.

## I.     Background

As previously stated, the instant case was initiated pursuant to 42 U.S.C. § 1983 on December 15, 2008.  In the instant § 1983 complaint Davis raises six (6) claims.  However, the court takes judicial notice that Davis previously filed a § 1983 complaint in the Middle District on November 20, 2008, naming as defendants many of the individuals named in the instant complaint and asserting many similar claims. *See Davis v. Sunbury Police Dept.*, Civ. No. 3:08-CV-2105 (Nov. 20, 2008) ("*Davis-I*").  Pursuant to § 1915, all claims in that complaint were dismissed as frivolous.  Thus, the court will review the instant complaint to determine whether, like the claims in *Davis-I*, the instant claims must be dismissed as frivolous.

## II.    Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach.  *Martinez v. California*, 444 U.S. 277, 285 (1980).[1]  A prerequisite for a viable civil rights claim is

---

[1] The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*,

2

that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *E.g.*, *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694–95 (1979); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988). Liability may not be imposed under § 1983 on the principle of respondeat superior. *Goode v. Rizzo*, 506 F.2d 542, 550 (3d Cir. 1974), *rev'd on other grounds*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976).

Under 28 U.S.C. § 1915(e),[2] the court is permitted "to consider whether an *in forma pauperis* complaint is frivolous or malicious before authorizing issuance of the summons and service of the complaint." *Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 453 (3d Cir. 1996). The court may "dismiss as frivolous claims based on an indisputably meritless legal theory and whose factual contentions are clearly baseless." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990).

---

444 U.S. at 285.

[2] Section 1915(e)(2) provides that:
Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal –
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.
28 U.S.C. § 1915(e)(2).

The court will address each of Davis' claims in turn.[3]

## A. Claim 1

The first claim in the instant complaint is identical to the first claim in *Davis-I*. In fact, Davis appears to have photocopied the page containing this claim. In both claims, Davis names as defendants Officer Scott Hause of the Sunbury Police Department; Chad Reiner, Sheriff, Northumberland County; District Magistrate Robert Bolten; Officer Christopher Brown of the Sunbury Police Department; Chief Lockcuff; and Justin Harrington. Davis also provides the same factual recitation of this claim. In both complaints, he asserts that he is being falsely accused of committing an aggravated assault upon Defendant Hause. In addition, he seems to complain that the defendant officers arrived at his residence with a piece of paper from Judge Bolten's office informing him of a preliminary hearing. This visit from police evidently put Davis in fear of his life. While the instant complaint does

---

[3] Davis has raised many claims identical to those raised in *Davis-I*. The doctrine of issue preclusion, also known as collateral estoppel, bars relitigation of issues adjudicated in a prior action. *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1074 (3d Cir. 1990). Under issue preclusion, a plaintiff is prevented from pursuing an issue provided the following four conditions are met: 1) the issue is the same as that involved in a prior action, 2) the issue actually was litigated, 3) the issue was determined by a final and valid judgment, and 4) the determination was essential to the prior judgment. *Burlington N. R.R. Co. v. Hyundai Merchant Marine Co., Ltd.*, 63 F.3d 1227, 1231–32 (3d Cir. 1995) (quoting *In re Graham*, 973 F.2d 1089, 1097 (3d Cir. 1992)). Complete identity of parties in the two suits is not required for the application of issue preclusion. *Burlington*, 63 F.3d at 1232. However, the Third Circuit has held that where a complaint is dismissed without prejudice, the doctrine of issue preclusion does not apply. *See Recchion v. Kirby*, 537 F. Supp. 284, 287 (W.D. Pa. 1985) (citing *Borelli v. City of Reading*, 532 F.2d 950, 951–52 (3d Cir. 1976) for the proposition that a dismissal without prejudice amounts to an implicit invitation to amend the complaint). While the court in *Davis-I* did not articulate whether it was dismissing the complaint "with prejudice" or "without prejudice," the court here will construe that dismissal as one "without prejudice."

provide an extra sheet with facts appearing to relate to this first claim, nothing in that factual recitation provides additional information giving rise to a constitutional claim against the named defendants. Thus, as in *Davis-I*, this claim will be dismissed as frivolous.

**B.     Claim 2**

The second claim in the instant complaint is identical to the second claim in *Davis-I*. In both claims, Davis names as defendants Pennsylvania State Trooper Ryan R. Maxwell; Officer Vernon Petty of the Sunbury Police Department; John Henry Reed, Chief Public Defender of Snyder County; Pat Johnson, Public Defender; and Snyder County District Magistrate Edward G. Mahalik, Jr. Davis also provides the same factual recitation of this claim, absent any facts relating to a claim against Defendant Mahalik. In both complaints, Davis asserts a claim for false arrest and false imprisonment against Defendant Maxwell. He also asserts a claim of ineffective assistance of counsel against the public defender. Thus, as in *Davis-I*, this claim will be dismissed as frivolous.

**C.     Claim 3**

The third claim in the instant complaint is identical to the fourth claim in *Davis-I*. In fact, Davis appears to have photocopied the page containing this claim, and inexplicably omitted one date (March 10, 2008). In both claims, Davis names as defendants Ruth Rush, Warden of the Snyder County Prison; and John Rosinski,

5

Case 1:08-cv-02235-SHR-AM   Document 11   Filed 01/26/09   Page 6 of 12

Northumberland County Probation Officer. Davis also provides the same factual recitation of this claim. In both complaints, he alleges a claim of false imprisonment. Thus, as in *Davis-I*, this claim will be dismissed as frivolous.

### D.   Claim 4

In the fourth claim, Davis names as defendants Don Cambell, watch commander at Snyder County Prison; and Pat Johnson, Assistant Public Defender. Davis asserts that Defendant Cambell retaliated against him by locking him in his cell for a continuous four-day period. (Doc. 1 at 6.) He also appears to claim that Defendant Cambell arranged for another inmate to attack Davis when he was released from his cell after that four-day period. (*Id*.) Davis, however, fails to provide a time-period for these events, minus "the 23rd of April from the 20th." (*Id*.) Because the court is unable to discern what year these events took place, it cannot determine whether this claim is barred by the statute of limitations. As a result, the claim is subject to *sua sponte* dismissal by the court. Davis, however, will be afforded the opportunity to amend this claim.

Davis also asserts a claim of ineffective assistance of counsel against Defendant Johnson, an assistant public defender. Public defenders, however, cannot be sued for civil rights violations under § 1983 as they do not act "under color of state law." *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Thus, this claim against Defendant Johnson will be dismissed.

6

### E.     Claim 5

In his fifth claim, Davis names as defendants Robert Storch, Task Force Assistant Attorney in Albany, New York; Robert Bolten; and DIW Reed of Snyder County Prison.  Davis' claim against Defendant Storch is identical to Claim 3 against Defendant Storch in *Davis-I*.  In both complaints, Davis claims that Defendant Storch purports to be the producer of songs that Davis asserts he co-wrote and produced with Beyonce, 50 Cent, and G Unit.  Davis contends that if he had the money he should have received for these songs he would not have been in Pennsylvania for the attempted murder and would not have been charged.  Thus, as in *Davis-I*, this claim will be dismissed as frivolous.

Davis' claims against Defendants Bolten and Reed are very unclear.  As to Defendant Bolten, Davis appears to claim that Defendant Bolten misprinted the final date for a warrant issued upon him.  Because the court fails to understand how this fact gives rise to a constitutional claim against Defendant Bolten, this claim will be dismissed as frivolous.

Further, Davis raises no constitutional violation whatsoever against Defendant Reed.  Therefore, this claim will also be dismissed as frivolous.

### F.     Claim 6

In the sixth claim, Davis names as defendants the Honorable Henry Woelfel, president judge of the Snyder County Court of Common Pleas; Charles Brown, a

7

judge specially presiding at the Middleburg Courthouse (Snyder County); Davis Kurcheway, CEO of Warren State Hospital; and Dr. Pathak, psychiatrist.

As to Judge Woelfel, Davis asserts that the judge scheduled a hearing on Davis' motion to dismiss the criminal charges against him that would coincide with a hearing on an omnibus pretrial motion rather than simply hearing argument on his motion alone. (Doc. 1 at 8.) As to Judge Brown, Davis claims that the judge committed official misconduct when he committed Davis to Warren State Hospital on the date of the hearing on the omnibus pretrial motion. (*Id*.)

As judicial officers, Judges Woelfel and Brown enjoy absolute judicial immunity from suit with regard to § 1983 when performing judicial acts such as those set forth above. *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) (explaining that judges are absolutely immune from liability for performing judicial acts). Therefore, these claims against Judges Woelfel and Brown will be dismissed as frivolous.

Davis also asserts that Defendant Kurcheway accepted him at the Warren State Hospital despite Davis' lack of psychiatric symptoms. This statement fails to give rise to a constitutional claim against Defendant Kurcheway. Thus, the claim will be dismissed as frivolous.

Finally, Davis claims that Dr. Pathak, presumably a psychiatrist at the Warren State Hospital, violated his constitutional rights by forcing him to take certain unnecessary medication. However, as written, this claim against Dr. Pathak is

unclear. As a result, the claim is subject to *sua sponte* dismissal by the court. Davis, however, will be afforded the opportunity to amend this claim against Dr. Pathak.

    **G.**    **Amended Complaint**

In the interests of justice to this *pro se* litigant, Davis will be granted twenty (20) days within which to submit an amended complaint as to his claims against Defendants Cambell and Dr. Pathak. *See supra* at 6, 8–9.

In preparing his amended complaint, Davis is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). *Id.*; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

To meet the standards set forth in Rule 8, the complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any

9

of the facts giving rise to the injury, does not provide adequate notice." *Purveegiin v. Pike County Corr. Facility*, No. 3:CV-06-0300, 2006 WL 1620219 (M.D. Pa. June 6, 2006).

In addition, Davis is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must specify the existence of actions by defendants which have resulted in constitutional deprivations. *See, e.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370–73 (1976).

Finally, Davis is advised that if he fails, within the applicable time period, to file an amended complaint adhering to the standards set forth above, this case will be closed.

## III. Conclusion

For the reasons set forth above, Davis shall be afforded the opportunity to amend his claims against Defendants Cambell and Dr. Pathak. Davis' remaining claims shall be dismissed.

An appropriate order follows.

s/Sylvia H. Rambo<br>United States District Judge

Dated: January 26, 2009.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES DAVIS, JR.,** | : | |
| Plaintiff | : | CIVIL NO. 1:CV-08-02235 |
| v. | : | (Judge Rambo) |
| **CAMBELL,** *et al.*, | : | |
| Defendants | : | |

## O R D E R

For the reasons set forth in the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

2) Plaintiff's claims against Defendants Cambell and Dr. Pathak are **DISMISSED** for failure to comply with the Federal Rules of Civil Procedure.

3) Within twenty (20) days from the date of this order, Plaintiff may file an amended complaint with respect to his claims against Defendants Cambell and Dr. Pathak in accordance with the Federal Rules of Civil Procedure.

4) Failure to submit an amended complaint in accordance with the foregoing memorandum will result in the dismissal of the claims against Defendants Cambell and Dr. Pathak and closure of this case.

    5) The following claims are **DISMISSED**: Claims 1 through 3, Claim 4 against Defendant Johnson, and Claim 6 against Defendants Woelfel, Brown, and Kurcheway.

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated:  January 26, 2009.